IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELIZABETH ARZU-TILLETT, | § | CASE NO. 24-31621-H4-13 |
| | § | |
| DEBTOR | § | CHAPTER 13 |
| | § | |

**CREDITOR CLEVELAND MACK SALES, INC. D/B/A PERFORMANCE TRUCK'S RESPONSE TO DEBTOR'S CHAPTER 13 MOTION TO COMPEL TURNOVER AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO STAY SALE OF PROPERTY
AND
CREDITOR CLEVELAND MACK SALES, INC. D/B/A PERFORMANCE TRUCK'S MOTION FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY TO THE VEHICLE OWNED BY ROSEWOOD ENTERPRISE, LLC**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Cleveland Mack Sales, Inc. d/b/a Performance Truck (hereinafter "Creditor" or "Performance Truck"), files this Response to Debtor Elizabeth Arzu-Tillett's ("Debtor") Chapter 13 Motion to Compel Turnover and Motion for Temporary Restraining Order and Preliminary Injunction to Stay the Sale of Property of the Bankruptcy Estate (Doc. No. 22), and its Motion for an Order that the Automatic Stay does not apply to the Vehicle owned by Rosewood Enterprise, LLC ("Comfort Motion"), and would respectfully show the Court as follows:

### I. Statement of Facts

1. On or around November 9, 2023, Debtor brought the 2011 KENWORTH T800, VIN 1XKDDB8X2BJ280055 (the "Vehicle") into Creditor's service facility for repairs.[1]

---
[1] Ex A – Tech Hard Card, dated Nov. 9, 2023.

2. Creditor's technicians inspected the Vehicle and prepared an estimate. The estimate was issued to the owner of the Vehicle, which is listed as "Rosewood."

3. After receiving approval to proceed with repairs and repairing the Vehicle, Creditor issued an invoice dated February 17, 2024, for the work performed to the owner of the Vehicle, which was again listed as "ROSEWOOD."[2]

4. Neither Debtor nor Rosewood Enterprise, LLC made any payments on the invoice. Accordingly, Creditor began the process of perfecting a lien on the Vehicle, with the intention of foreclosing on it to pay for its services if Debtor did not pay the invoice.

5. On or around April 10, 2024, Debtor filed this Chapter 13 bankruptcy proceeding for Elizabeth Arzu-Tillett. The bankruptcy does not list Rosewood Enterprise, LLC, or any other entities as debtors.

6. On or around April 18, 2024, Creditor obtained a copy of the title to the Vehicle from the Texas Department of Motor Vehicles, Vehicle Titles and Registration Division, which confirmed that Debtor is not the owner of the Vehicle; rather, the Vehicle is owned by Rosewood Enterprise, LLC.[3]

7. Nonetheless, in Debtor's Statement of Facts, Debtor incorrectly states that "[o]n the Petition Date, the Debtor owned a vehicle (the "Vehicle") described as follows: "2011 KENWORTH T800 Vin# 1XKDDB8X2BJ280055."

8. Although Creditor had begun the process of perfecting a lien against the Vehicle prior to Debtor filing bankruptcy, and is currently still in possession of the Vehicle, Creditor has not taken any further actions to foreclose on its lien or sell the Vehicle.

9. Performance Truck now seeks to exercise its state law remedies.

---

[2] Ex. B – Invoice, dated Feb. 17, 2024.

[3] Ex. C – Vehicle Title, obtained on April 18, 2024, Texas Department of Motor Vehicles, Vehicles Titles and Registration Division.

## II. Argument and Authorities

**A. This Court should deny Debtor's motion for turnover and grant Performance Truck a comfort order that the automatic stay does not apply because the Vehicle is not part of the bankruptcy estate.**

10. The automatic stay only applies to property of the estate. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). Further, "a corporation which is wholly owned by a bankruptcy debtor is considered a separate and distinct legal entity, and, as such, actions against the corporation are not subject to the stay." *New Orleans Gas & Elec. Lights, Inc. v. Me'Lange Joli, Inc.*, No. 11-194-JJB-CN, 2011 U.S. Dist. LEXIS 73578, at *6 (M.D. La. July 7, 2011) (citing *Powers v. Texaco, Inc.*, 22 F.3d 1094 (5th Cir. 1994). This is true "[e]ven where there is a close nexus between those nondebtors and their bankrupt affiliates." *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993). And the doctrine applies with equal force even where the nondebtor is a corporation wholly owned by the debtor. *Id.*

11. In this case, the Vehicle is owned by Rosewood Enterprise, LLC, which is not included as part of the bankruptcy, nor is the entity mentioned in Debtor's motion to compel turnover and for injunctive relief.

12. This means that the automatic stay upon which Debtor relies in support of her motion for turnover and for injunctive relief should not extend to the Vehicle owned by Rosewood Enterprise LLC, and Debtor's motion for turnover and for injunctive relief should be denied.

**B. Debtor did not establish that injunctive relief is necessary or offer evidence sufficient to prove irreparable injury or that the balance of hardships weigh in her favor.**

13. A bankruptcy court must consider the four-prong preliminary injunction test. N*eutra, Ltd. v. Terry (In re Acis Capital Mgmt., L.P.)*, 604 B.R. 484, 528 (N.D. Tex. 2019). The factors are (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Id.* (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

14. With regard to the first factor, Debtor argues that she is "certain to succeed in an adversary proceeding" because the Vehicle is property that the Debtor may "use under § 363." However, Debtor did not provide any evidence that Debtor is entitled to use, sell, or lease the Vehicle owned by Rosewood Enterprise, LLC. On the contrary, the evidence shows that Debtor does not own the Vehicle.

15. Moreover, Debtor has not established a substantial threat of irreparable injury or that the balance of hardships weighs in her favor. The only evidence presented is a declaration from Debtor in which she states that she relies on the Vehicle for her work as a truck driver, and that without it she will be unable to earn money.

16. However, it is highly unlikely that ownership of the truck is her sole avenue for earning money (e.g., she could obtain employment elsewhere as a driver of a company truck, or employment in another industry). Nor has she made any showing that ownership of the Vehicle would be a requirement for future employment. In fact, it is extremely common in the industry for companies to hire drivers to operate trucks owned by the companies. Accordingly, her conclusory allegation that she could not earn money without the Vehicle is insufficient to prove that the balance of hardships weigh in her favor.

17. Moreover, Debtor's claims that Performance Truck will be protected against any risk by Debtor's proposed order is also unfounded. Debtor proposes that she make monthly payments of $187.50 to Performance Truck after the date of the order—meaning it will take over five years to repay the amount owed to Performance Truck for repairing the Vehicle. Furthermore, this plan does not allow for any interest, storage fees, etc., that otherwise would be chargeable to Debtor.

18. In addition to the fact that the proposed plan is inequitable to Performance Truck, the extended repayment timeline means that the value of the Vehicle will continue to depreciate over the next five years, while, without applying any interest, inflation will erode the value of Performance Truck's claim. Accordingly, Debtor has failed to establish either irreparable injury or a balance of hardships in her favor, and Debtor's request for injunctive relief should be denied.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Cleveland Mack Sales, Inc. d/b/a Performance Truck prays that this Court deny Debtor's Motion to Compel Turnover and Motion for Temporary Restraining Order and Preliminary Injunction to Stay the Sale of Property.

Performance Truck further prays that the Court issue a Comfort Order, similar to one under 11 U.S.C. §362(c)(4)(A), that no stay is in effect regarding the Vehicle, and that Performance Truck may exercise its state law remedies with regard to the Vehicle.

Alternatively, if the Court determines that the automatic stay does apply, then Performance Truck asks that the Court lift the automatic stay under 11 U.S.C. § 362 (d).

Performance Truck further prays that the Court grant it such other and further relief to which Performance Truck may show itself entitled.

*Respectfully Submitted,*

**CLARDY LAW OFFICES**
209 E. Main St.
Nacogdoches, Texas 75961
Phone: (936) 564-2500

By: */s/ Travis P. Clardy*
**Travis P. Clardy**
State Bar No. 04268020
Federal ID No. 12627
travis@clardy-law.com
**Tyler "Gus" Clardy**
State Bar No. 24092258
gus@clardy-law.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following on the 30th day of May, 2024:

Via Electronic Service through ECF System:

US Trustee
Office of the US Trustee
515 Rusk Ave, Ste 3516

Houston, TX  77002

David Peake
Office of Chapter 13 Trustee
9660 Hillcroft, Ste 460
Houston, TX  77096-3856

Daniel J. Ciment
Ciment Law Firm, PLLC
221 Bella Katy Dr
Katy, TX  77494
Attorneys for Debtor

Via First-Class Mail:

Elizabeth Arzu-Tillett, Debtor
12319 Battle Rd
Beasley, TX  77417

                By:    */s/ Travis P. Clardy*
                          Travis P. Clardy